UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEROME W. WAGNER,

    Plaintiff,

v.                               Case No: 2:18-cv-270-FtM-29MRM

STATE OF INDIANA, STATE OF FLORIDA, and FLORIDA LEGISLATOR,

    Defendants.
_____

## **ORDER OF DISMISSAL**

This matter comes before the Court on initial review of the file. Plaintiff is proceeding pro se and is civilly detained at the Florida Civil Commitment Center (FCCC) pursuant to the Jimmy Ryce Act Fla. Stat. §§ 394.910 et seq. Plaintiff initiated this action by filing a Civil Rights Complaint Form for FCCC Residence on April 23, 2018.

**I.**

Plaintiff alleges that the State of Indiana sold his childhood records to the State of Florida and the Florida Legislature used his childhood records to pass the Jimmy Ryce Act. Plaintiff says his 1982 case in Indiana was named Jimmy Ryce because Jimmy is easier to remember than his name Jerome, and the University of Indiana played in the Rice Bowl.

Plaintiff's Complaint continues with what appears to be a habeas petition arguing that he was arrested for a different kind of charge that was not a sex crime or offense. (Doc. 1 at 6). Even Plaintiff's claim here is difficult to piece together. Plaintiff avers that there just has to be an arrest, your identification run through the law enforcement computer, and be white, black, Hispanic, and male to fit the criteria to be charged with a sex crime. Id. Plaintiff was charged with one count of second degree felony sexual battery. Plaintiff claims that there were no witnesses, no DNA, or even a victim in his case. He claims the only evidence against him was a single 911 call and hang up. He states that his first habeas corpus was denied without even a chance to go to court. As damages, Plaintiff demands 900 zillion dollars and release from the FCCC.

## II.

Plaintiff seeks to proceed in forma pauperis. (Doc. 2). Despite Plaintiff's non-prisoner status this Court is required to review his case to determine whether his allegation of poverty is untrue, see 28 U.S.C. § 1915(e)(2)(A), or whether the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) "where it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989). A complaint filed in forma pauperis which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Id. at 328. Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.**

In this case, Plaintiff's § 1983 Complaint is subject to dismissal under § 1915 for failure to state a claim. In any § l983 action, the initial inquiry must focus on whether the two essential elements to a § l983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).

Plaintiff's civil rights Complaint is essentially nonsensical and frivolous. Plaintiff does not name any specific individuals that deprived him of a civil right nor does he identify any rights that were violated. Based upon the factual allegations in his Complaint, it is improbable — even if given the opportunity to cure — that Plaintiff could ever raise a cognizable cause of action.

To the extent Plaintiff seeks a writ of habeas corpus and release from his civil detainment, said relief is not available in a § 1983 cause of action. Plaintiff must pursue habeas relief under 28 U.S.C. § 2254. An individual seeking to challenge his conviction or confinement files a "petition for writ of habeas corpus" pursuant to § 2254. 28 U.S.C. § 2254(a). Claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983. Nelson v. Campbell, 541 U.S. 637 (2004); see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Thus, a civil rights action under § 1983 is the appropriate relief when a state prisoner constitutionally challenges the conditions of his confinement, but not the fact or length of his incarceration. Preiser, 411 U.S. at 499. See also Cook v. Baker, 139 F. App'x 167, 168 (11th Cir. 2005).

Because Plaintiff's Complaint lacks merit on both facts and law, it will be dismissed pursuant to 28 U.S.C. § 1915(e)(B)(i). Should Plaintiff seek to be released from his civil commitment

because he claims he was wrongfully convicted he should pursue such claims under § 2254.

Accordingly, it is hereby

**ORDERED:**

1. Pro Se Plaintiff Jerome Wagner's Complaint (Doc. #1) is **DISMISSED without prejudice.**

2. The Clerk of Court shall enter judgment accordingly, terminate any pending motions or deadlines, and close the file.

3. The Clerk of Court shall enclose a copy of the court approved form used in filing a request for federal habeas relief pursuant to 28 U.S.C. § 2254 with Plaintiff's copy if this Order.

**DONE and ORDERED** at Fort Myers, Florida, this ___1st___ day of May, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Jerome Wagner
SA: FTMP-2